WILLIAM ANDERSON v. TERRITORY OF OKLAHOMA.

(Filed September 5, 1907.)

(91 Pac. 890.)

1. APPEAL—Review—Evidence—Record. Where the question for review depends in any wise upon the evidence, such evidence must be presented in full to the appellate court, or the question will not be considered.

2. SAME—Motion for New Trial—Insufficient Record. Where a motion for a new trial presents material questions of fact necessary for determination, error can not be predicated upon the overruling of said motion, where the record fails to show that it contains all the evidence introduced upon the hearing.

(Syllabus by the Court.)

*Error from the District Court of Comanche County; before F. E. Gillette, Trial Judge.*

Affirmed.

*Ross & Anderson,* for plaintiff in error.

*P. C. Simons. Att'y Gen'l,* for defendant in error.

Opinion of the court by

GARBER, J.: The plaintiff in error was convicted of the crime of manslaughter in the first degree at the February, 1905, term of the district court of Comanche county, and sentenced to eight years' imprisonment in the territoral prison at Lansing, Kansas. At the September, 1905, term of the district court of said county, the same being the next term after the trial, he filed his motion for a new trial, setting up that the grand jury which returned the

indictment against him was not drawn and empanelled as provided by law. The motion for a new trial being overruled, plaintiff in error prosecutes this appeal.

The only question raised in the motion for a new trial was the legality of the panel of the grand jury, and the only error assigned is the overruling of said motion. Section 5558 of Wilson's Revised and Annotated Statutes provides that a motion for a new trial based upon the ground that the grand jury was not properly drawn or empanelled must be filed not later than the next term after trial, and in this case the motion was filed in time. Section 5400 provides that, if a motion to set aside the indictment is based upon the ground that the grand jury was not drawn and empanelled as provided by law, a showing must be made that those facts were not known to the defendant or his counsel until after the jury was sworn for the trial of the cause, and, under section 5557, the defendant must produce at the hearing in support of his motion affidavits of witnesses, or the same may be shown by the records of the courts, or he may take testimony in support thereof, as provided in section 5399, which provides for the compulsory attendance and testimony of witnesses to be used in support of the motion. The motion for a new trial in this case, verified by the affidavit of the defendant, presented numerous questions of fact relative to the regularity of the proceedings of the various election boards throughout the county at the general election of 1904 in signing and certifying to the lists of names of persons to serve as jurors in the several precincts. The apportionment of the number of persons to serve as jurors in the respective voting precincts by the county clerk was also challenged.

It will thus be seen that the issues of fact presented to the trial court on the hearing of the motion were: First. Were the facts relied upon to set aside the indictment known to the plaintiff in error or his counsel before the jury was sworn to try his cause? Second. Were the allegations of irregularity set out in

the motion supported by sufficient evidence? The issues thus presented necessitated the investigation of a broad field of human activity. They would admit of the introduction of affidavits and oral and record testimony. The scope of the examination at the hearing of the motion might be much broader than the trial itself, and would certainly necessitate a full and complete record in this court of all the evidence introduced upon said hearing, before it could determine whether or not error had been committed. An examination of the record before us fails to disclose any recital that the case-made contains all or any of the evidence offered or admitted at the hearing of the motion for a new trial. The record fails to show whether or not any such evidence was offered or admitted. In fact, the only record of the proceedings relative to the hearing and overruling of the motion of which the plaintiff in error complains is set out in a journal entry which reads as follows:

"Territory of Oklahoma v. William Anderson.

"And now at this time, November 1, 1905, this cause is called on motion of defendant for a new trial. Said motion is considered and overruled, to which defendant excepts and exception allowed. Thereupon defendant is allowed to December 1, 1905, in which to make, serve and file case-made in the supreme court."

It will thus be seen that this court is not furnished with a sufficient record of evidence to determine whether or not error was committed in overruling the motion for a new trial. On the other hand, every jurisdictional requisite for the upholding of the judgment of the court below affirmatively appears, and from that time on all intendments must be taken in favor of the regularity and validity of the judgment and proceedings in the trial court. In this case, where a conviction has been had and judgment rendered, all the trial proceedings standing unchallenged, it clearly was incuumbent upon the plaintiff in error to affirmatively show the error of which he complains, and, in the absence of a record showing that evidence was considered by the trial court on the hearing

and overruling of the motion, can it be said that he has done so? Where the question raised for review depends largely upon the evidence, as in this case, such evidence must be incorporated in a bill of exceptions or case-made for the examination of the appellate court, and, in case of failure to do so, the error complained of can not be reviewed.

Counsel for plaintiff in error contend that, inasmuch as the facts set up and sworn to in their motion for a new trial were not contradicted, they should stand as admitted, and cite *Sharpe v. U. S.*, 138 Fed. Rep. 878, which contains a statement in the opinion to that effect, based, however, upon the case of *Neal v. Deleware*, 103 U. S. 394, 26 Law Edition, 567. An examination of that case, however, will disclose that it is not an authority for the statement found in *Sharpe v. U. S.* In the case of *Neal v. Delaware* the defendant filed a petition in the trial court asking that his case be transferred to the circuit court of the United States for the district of Delaware upon the grounds that in the state court he was being deprived of the equal civil rights of citizens of the United States guaranteed to him under the constitution; and in his petition, which was duly verified by him, he set out the facts which he claimed amounted to a denial of his rights, and which consisted of the exclusion under the laws of Delaware from juries of that state of all colored persons, contrary to the provisions of the constitution of the United States. His petition to have the case removed was denied, and he then, before arraignment in the state court, moved to quash the indictment and the panel of the jury upon the same ground set out in the petition for the removal of the cause to the federal court. It was then agreed between the attorney general on behalf of the state of Delaware, and the defendant, through his counsel, with the consent of the court, that the statements and allegations of the defendant, in his petition for the removal of the indictment and its prosecution for trial to the circuit court, and their verification by his oath, should be taken and treated and given the same

force and effect in the consideration and decision of the motion to quash the indictment and the lists and panels of grand and petit juries as if the statements and allegations were made and verified by him in a separate and distinct affidavit. The court overruled the motion, and thereupon the defendant was arraigned under the indictment, and, before he had pleaded thereto, he asked the court to be permitted to produce witnesses in support of his motion to quash the indictment, which was also denied. On page 396 of 103 U. S. the supreme court of the United States, says:

"But passing by this ruling of the court below as insufficient in itself to authorize a reversal of the judgment, we are of the opinion that the motion to quash, sustained by affidavits of the accused, which appears to have been filed in support of the motion without objections to its competency as evidence, and was uncontradicted by counter affidavits, or even by a formal denial of the grounds assigned, should have been sustained. If, under the practice which obtains in the courts of the state, the affidavit of the prisoner could not, if objected to, be used as evidence in the support of a motion to quash, the state could waive that objection, either expressly or by not making it at the proper time. No such objection appears to have been made by its attorney general. On the contrary, the agreement that the prisoner's verified petition should be treated as an affidavit in consideration and decision of the motion implied, as we think, that the state was willing to risk their determination upon the case as made by that affidavit, in connection, of course, with any facts of which the court might take judicial notice."

The record in this case fails to show any agreement on the part of the territory and defendant whereby the facts set out in the motion for a new trial were to be taken as true. Under the statutes of this territory it was not incumbent upon the territory to file any adverse pleadings negativing the allegations set out in defendant's motion. The same could be disproved by competent evidence. In the absence of a record showing that the affidavit in support of the motion was not controverted, or that it constituted all the evidence offered at the hearing, we are unable to see wherein the

case of *Neal v. Delaware* can be construed as an authority in support of the position taken in this case, "that inasmuch as the facts set up and sworn to in the motion for a new trial were not contradicted they should stand as admitted."

There being no other assignment of error, the judgment of the district court of Comanche county in overruling the motion for a new trial will be affirmed.

Gillette, J., who presided in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.